UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NINETEEN77 CAPITAL SOLUTIONS A LP,
BERMUDEZ MUTUARI, LTD., and
WILMINGTON TRUST NATIONAL ASSOCIATION,

                         Plaintiffs,

                  -against-

CHARIF SOUKI, Individually, KARIM SOUKI,
CHRISTOPHER SOUKI, and LINA SOUKI RIZZUTO,
as Trustees of the SOUKI FAMILY 2016 TRUST,

                         Defendants.
------------------------------------------------------------------------X

Case No.: 1:23-cv-07984

Removed From:

Supreme Court of New York,
County of New York:
Commercial Division,
Index No. 654043/2023

## NOTICE OF REMOVAL OF CIVIL ACTION

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that Defendants Charif Souki, individually, and Karim Souki, Christopher Souki, and Lina Souki Rizzuto, as Trustees of the Souki Family 2016 Trust, by their undersigned counsel, hereby removes to this Court the civil action, captioned *Nineteen77 Capital Solutions A LP, et al. v. Souki, et al. v.*, Index No. 654043/2023 (N.Y. Sup. Ct., County of New York, August 21, 2023) (the "State Action") in accordance with 28 USC §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The State Action is subject to this Court's removal jurisdiction because it is related to the earlier filed bankruptcy cases by affiliated non-parties AVR AH LLC ("AVR") and Strudel Holdings LLC ("Strudel") (together, the "Debtors").

In further support of removal, Defendants state:

**FACTUAL BACKGROUND**

**The Related State Action and Bankruptcy Cases**

1. Prior to the Plaintiffs' commencement of the State Action, on or about March 6, 2023, Defendant Charif Souki, later joined by the Debtors and the remaining Defendants, filed an action in the New York County Supreme Court against Plaintiffs, captioned *Souki, et al. v. Nineteen77 Capital Solutions A LP, et al.*, Index No. 651164/2023 (N.Y. Sup. Ct., County of New York, March 6, 2023) (the "Related Action") for breaches by Plaintiffs of the same loan agreements from which the causes of action in Plaintiff's State Action arose.[1]

2. On July 27, 2023, the Debtors each commenced a case under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., by filing voluntary petitions (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"). The Bankruptcy Case number for AVR is 23-90758. The Bankruptcy Case number for Strudel is 23-90757. The voluntary bankruptcy petitions filed by AVR and Strudel, are attached as Exhibits 3 and 4, respectively.

3. Pursuant to Bankruptcy Code Section 362, the commencement of the Bankruptcy Cases automatically stayed the Related Action. In the interest of judicial economy, on September 9, 2023, the Related Action Plaintiffs removed that action to this Court (Case No. 1:23-cv-007982), and will move to transfer this State Action and the Related Action to the United States District Court for the Southern District of Texas for referral to the Bankruptcy Court pursuant to 28 U.S.C.

---

[1] The Debtors and Defendants Karim Souki, Christopher Souki, and Lina Souki Rizzuto, in their capacities as trustees of the Souki Family 2016 Trust ("Trust"), joined the Related State Action, and together with Defendant Charif Souki, filed a First Amended Complaint on March 24, 2023 (the "FAC"), asserting breach of Plaintiffs' obligations under the loan agreements, attached hereto as Exhibit 1. On July 10, 2023 the Debtors and Defendants filed a Second Amended Complaint (the "SAC"). (Exhibit 2).

§ 157(a), and thereafter move to consolidate the actions. To date, the Related Action remains stayed.

**The State Action For Removal**

4. On or about August 21, 2023 – within a month after the Bankruptcy Cases were filed and the Related Action was stayed – Plaintiffs commenced the State Action by filing a motion for summary judgement in lieu of a complaint under New York Civil Practice Law and Rules ("CPLR") § 3213, seeking to enforce certain purported repayment obligations under the same loan agreements at issue in the Related Action, against Defendant Charif Souki, individually, and certain guarantees of those obligations by Defendants Karim Souki, Christopher Souki, and Lina Souki Rizzuto, as trustees of the Souki Family 2016 Trust.

5. On September 6, 2023, Defendants received service of the Summons and moving papers for summary judgement in lieu of a complaint in the State Action.

6. This Notice of Removal is filed within 30 days of service of the Summons and is therefore timely pursuant to Bankruptcy Rule 9027(a)(3).

7. A copy of the docket report of the State Action is attached hereto as Exhibit 6, along with an index of the filings. As required under Bankruptcy Rule 9027(a)(1), true and correct copies of "all process and pleadings" in the State Action to date, are attached hereto as Exhibits A through X.

**JURISDICTIONAL & GROUNDS FOR REMOVAL**

8. Under 28 U.S.C. § 1452(a), a party may properly remove any civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title." The Defendants are each a "party" to the State Action within the meaning of Section 1452(a). Plaintiffs' consent is also not required

for removal pursuant to Section 1452(a). *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 316 (S.D.N.Y. 2003).

9.     Under Section 1334, this Court has original jurisdiction over "all civil proceedings . . . related to cases under title 11[,]" commonly known as bankruptcy cases. 28 U.S.C. § 1334(b). "Related to" jurisdiction exists whenever an "'action's outcome might have any conceivable effect on the bankruptcy estate.'" *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339-340 (2d Cir. 2018) (emphasis added) (citation omitted).

10.    The determination of the Debtors' rights and value of their assets in the Bankruptcy Cases substantially overlaps with the allegations and claims alleged by the Plaintiffs in this State Action, thus the Bankruptcy Court can provide a single forum in which all of the claims made in the State Action and the Related Action can be adjudicated and restructured.

11.    Strudel and AVR commenced the Bankruptcy Cases to take advantage of the breathing spell afforded by the automatic stay which applies to the foreclosure proceedings initiated by Plaintiffs related to collateral pledged by the Defendants and Debtors – the subject of both the State Action and the Related Action – including Charif Souki's 25 million shares of stock in the publicly traded company he co-founded Tellurian, Inc. ("Tellurian"), securities in Ajax Holdings LLC (the "Ajax Shares") owned by Strudel, real property owned by AVR (the "Ranch"), and a custom-made sailboat (the "Tango").   The automatic stay the Bankruptcy Court affords is critical to allow for proper marketing of their assets without the threat of foreclosure proceedings from the Plaintiffs and UBS O'Connor LCC, the lenders' agent and a Defendant in the Related Action (together with the Plaintiffs, the "Lenders"). The Lenders have scheduled and re-scheduled the sale of Strudel's Ajax Shares but continue to obfuscate an orderly auction process, while

simultaneously attempting to notice the foreclosure of the Ranch but failing to initially provide proper notice of requisite hearings or engage in a reasonable marketing strategy.

12. Through the Bankruptcy Cases, Strudel and AVR seek approval of bidding procedures designed to produce the highest and best offer for the Ranch and achieve an orderly sale of the Ranch with minimal delay, as well as to ensure that the value of the Ajax Shares is preserved and that any disposition of the Ajax Shares is value-maximizing. This will allow speedy resolution of the parties' dispute regarding the amount owed.

13. In an adversary proceeding filed as part of the Bankruptcy Cases, Strudel and AVR allege that the Defendants failed to dispose of the Tellurian stock in a commercially reasonable manner. (*See* Exhibit 5, Objection to Claims and Complaint at p. 14-18) ("Adversary Proceeding"). To resolve that claim, the Bankruptcy Court must determine whether the Lenders have operated in an unreasonable and reckless manner in foreclosing and disposing of the State Action Defendants' collateral. *See id.* at 10-20. This issue significantly overlaps with the factual premise and legal theories that will form the basis of the Defendants' defenses in the State Action.

14. Specifically, Count 1 of the Adversary Proceeding, which seeks disallowance of any proof of claim made by the Lenders pursuant to the Bankruptcy Code, relies on the theory that "but for their wrongful actions, [the Lenders] would have already realized sufficient funds to repay all the obligations due under the O'Connor Loan Documents." *Id.* at p. 21. "Accordingly, any claims they might assert under the O'Connor Loan Documents should be disallowed." *Id.* This claim significantly overlaps with the factual premise and legal theories that will form the basis of the Defendants' defenses in the State Action.

15. In Count 2 of the Adversary Proceeding, the Lenders and Defendants argue that while the loan documents provide the administrative agent with powers to liquidate collateral

5

following the occurrence and continuance of an event of default, "the Collateral already foreclosed on by [the Lenders]"—the Tellurian shares—"would have satisfied all obligations due under the loan documents if [the Lenders]"— had acted in a commercially reasonable manner, as they are obligated." (Exhibit 5 at p. 22). A ruling from the Bankruptcy Court on this Count would have collateral estoppel effect on and be dispositive of the claims and allegations in the State Action.

16. In the Bankruptcy Cases, the State Action Defendants and Debtors request a declaration that there is no continuing event of default, all obligations under the loan documents have been paid in full, and all security interests are released. (*See* Exhibit 5 at p. 28-29; Exhibit 2, SAC ¶¶ 72-74). Such a declaration from the Bankruptcy Court would have collateral estoppel effect on and be dispositive of the claims and allegations in the State Action.

17. Because of the significant connections between the Defendants' defenses in the State Action, the claims alleged in the Adversary Proceedings and the Related Action, and the relief sought by the Defendants and Debtors in the Bankruptcy Cases, the Bankruptcy Court can provide a single forum in which all of the claims made in the Adversary Proceedings, the State Action, and Related Action can be efficiently adjudicated. Therefore, the State Action is a civil action subject to the jurisdiction of this Court under the provisions of 28 U.S.C. § 1334(b) and may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

## CONCLUSION

18. Defendants consent to entry of final orders or judgments by the Bankruptcy Court upon removal. Bankruptcy Rule 9027(a)(1).

19. Defendants reserve the right to amend or supplement this Notice of Removal with additional evidence and argument as needed for the "short and plain statement of the facts which entitle the party filing the notice to remove" contained herein. *Id.*

20.     Pursuant to Bankruptcy Rule 9027(b) and (c), promptly after filing this Notice, Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, and will serve Plaintiffs with this Notice of Removal.

WHEREFORE, Defendants request that (1) the State Action be removed to this Court, and (2) this Court grant such other or further relief, and enter such orders, as may be deemed necessary or appropriate in conjunction therewith.

Dated: September 9, 2023
New York, New York

HARRIS ST. LAURENT & WECHSLER LLP

By: __/s/ Yonaton Aronoff__
Yonaton Aronoff
Megan Dubatowka
40 Wall Street, 53rd Floor
New York, New York 10005
(212) 397-3370
yaronoff@hs-law.com
mdubatowka@hs-law.com

YETTER COLEMAN LLP

R. Paul Yetter
Timothy S. McConn
Autry W. Ross
Jamie A. Aycock
Amy C. Farish
David J. Gutierrez
(*Pro Hac Vice* applications forthcoming)
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

*Attorneys for Defendants*

7